**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

**Plaintiff,**

**v.** **Case No. 11-40046-01-JWL**

**James Justin Woods,**

**Defendant.**

**MEMORANDUM & ORDER**

In December 2012, a jury convicted defendant James Justin Woods of conspiracy to distribute at least 500 grams of methamphetamine and distribution of methamphetamine. The court varied from the advisory guideline sentence of life imprisonment and sentenced Mr. Woods to 360 months imprisonment. In August 2014, the Tenth Circuit affirmed Mr. Woods' conviction and in April 2015 the United States Supreme Court denied Mr. Woods' petition for writ of certiorari. This matter is before the court on several pro se motions filed by Mr. Woods in which he seeks an order directing his trial counsel to release his case file to him (doc. 506); an order directing the Corrections Corporation of America to release all records pertaining to attorney visits from June 8, 2011 through May 31, 2013 (doc. 507); copies of various documents and transcripts in the record (doc. 508); permission to file an "extended brief" and to receive all "transcripts in brief form" (doc. 509); and the release of the government's case file, including "investigative reports, affidavits, grand jury transcripts, video and audio recordings, witness list [*sic*], phone call transcripts that were prepared by government, trial transcripts in brief form, apendixs [*sic*] in brief form."

**Case File from Trial Counsel**

In his first motion, Mr. Woods asks the court for an order directing his trial attorney to release Mr. Woods' case file to him, including all transcripts, police reports, statements and phone transcripts for a certain phone number. Of course, if Mr. Woods' trial counsel does not possess these specific items in the case file, he need not provide those items to Mr. Woods. But to the extent trial counsel maintains a file on Mr. Woods' case, Mr. Woods as the client is entitled to that case file if it has not yet been provided to him. The court, then, will direct trial counsel to respond to this motion no later than September 10, 2015 and will provide Mr. Woods an opportunity to reply to that response no later than October 9, 2015.

**Records from CCA and Materials from Government**

Mr. Woods also seeks the release of certain records from Corrections Corporation of America and the release of various reports, affidavits, transcripts and recordings from the government. He has not provided any legal basis for the requests and these motions are denied. While Rule 6 of the Rules Governing Section 2255 Proceedings provides that a judge may authorize a petitioner's request for discovery, Mr. Woods has not provided any authority that would permit a court to authorize discovery prior to the filing of a § 2255 petition and no such petition has been filed. In fact, Mr. Woods does not even indicate his intent to file such a petition.

Moreover, a request for discovery under Rule 6 must be supported by specific allegations giving "reason to believe that the petitioner may, if the facts are fully developed, be able to

demonstrate that he is entitled to relief." *See Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (*Bracy* standard applies to Section 2255 petitioner's request for discovery). Mr. Woods has not explained how the requested documents would support any specific claim for relief under § 2255; accordingly, even if Mr. Woods had already filed a § 2255 petition, he would still not be entitled to the requested discovery under Rule 6. These motions, then, are denied.

**Copies of Documents and Transcripts in the Record**

Mr. Woods also seeks copies of various documents and transcripts in the record. To begin, several of the items requested by Mr. Woods do not exist and cannot be released to him. For example, he requests a transcript from docket entry number 346, which is simply a minute entry relating to a status conference held on December 3, 2012. No transcript was ever prepared for that status conference and it does not presently exist. He also requests any documents or transcripts associated with docket entry number 315 but no such document or transcript exists because that entry is what the court refers to as a "text entry" such that there is no document or transcript associated with it other than the document specifically linked to that entry. He also asks the court to provide him with transcripts of audio recordings "which are not included in trial transcripts" that he has already received. The court does not maintain transcripts of any such audio recordings in the record such that it could not release those transcripts to Mr. Woods in any event.

With respect to the remaining documents requested by Mr. Woods (documents 46; 48; 146; 307; 313; 331; 334; 335; 345; 351), the motion is denied to the extent Mr. Woods seeks a copy of those documents at no cost.  Under 28 U.S.C. § 753(f), the government shall pay the fees for transcripts in a § 2255 proceeding if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993).  Although Mr. Woods' request for various documents is not expressly governed by § 753(f), the Tenth Circuit has affirmed the denial of requests for documents for failure to meet the standard set forth in § 753(f).  *See Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (no automatic right to documents if seeking postconviction collateral relief; must first demonstrate a nonfrivolous claim); *United States v. Lewis*, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (applying *Sistrunk* to request for documents and requiring particularized showing).  Thus, Mr. Woods' request for documents fails for the same reason his request for discovery fails—he has not demonstrated a nonfrivolous claim and, as noted earlier, he has no pending § 2255 petition and has failed to articulate any intent to file a § 2255 petition.  Mr. Woods, then, has not satisfied the requirements of § 753(f).  *See id.*  Moreover, because Mr. Woods has not filed a habeas petition, he cannot avail himself of the specific statute that grants indigent petitioners "documents" or "parts of the record" without cost.  *See* 28 U.S.C. § 2250.

If Mr. Woods is willing to pay for a copy of the documents he requests, he may certainly obtain those documents from the Clerk of the Court.  Toward that end, the court will direct the Clerk to ascertain the cost of obtaining copies of the specific documents noted herein and to provide that information to Mr. Woods as soon as practicable, along with any additional

information Mr. Woods would need to obtain those documents, such as a mailing address for payment.

**Motion for Extended Brief**

Finally, Mr. Woods has filed a motion requesting an "extended brief" and requesting "all transcripts in brief form." While the nature of the relief sought is not clear to the court, the motion appears to be moot. To the extent Mr. Woods is seeking something relating to his request for transcripts, the court has denied his requests for transcripts. To the extent he is seeking permission to submit a brief of some length, he has not indicated what issue he seeks to brief and it appears that he has already provided the submissions he intends to provide on the issues raised in his various motions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Woods' motion for order directing trial counsel to release his case file (doc. 506) **remains under advisement**; the motion for order directing the Corrections Corporation of America to release records (doc. 507) is **denied;** the motion for copies of various documents and transcripts in the record (doc. 508) is **denied**; the motion for permission to file an "extended brief" and to receive all "transcripts in brief form" (doc. 509) is **denied as moot**; and the motion for release of the government's case file (doc. 510) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Woods' trial counsel shall file a response to Mr. Woods' motion for an order directing his trial counsel to release Mr.

Woods' case file (doc. 506) no later than September 10, 2015 and Mr. Woods shall file a reply to that response no later than October 9, 2015.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court, as soon as practicable, shall determine the cost for Mr. Woods to obtain copies of docket entries 46; 48; 146; 307; 313; 331; 334; 335; 345; and 351 and shall provide those costs to Mr. Woods as described herein.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge