IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

v.                                                    Case No. 11-40046-01-JWL

**James Justin Woods,**

       **Defendant.**

## MEMORANDUM & ORDER

In December 2012, a jury convicted defendant James Justin Woods of conspiracy to distribute at least 500 grams of methamphetamine and distribution of methamphetamine. The court varied from the advisory guideline sentence of life imprisonment and sentenced Mr. Woods to 360 months imprisonment. In August 2014, the Tenth Circuit affirmed Mr. Woods' conviction and in April 2015 the United States Supreme Court denied Mr. Woods' petition for writ of certiorari.

This matter is before the court on two pro se motions filed by Mr. Woods. In the first motion, Mr. Woods seeks all "records, affidavits, transcripts, and recordings relating to docket entry number 346" to support a § 2255 motion that Mr. Woods expressly intends to file. In the second motion, Mr. Woods seeks a "court order" directing CCA to release records of "attorney visits, mail and phone calls" in preparation for the filing of his anticipated § 2255 motion. Both motions, which raise issues that the court has recently addressed with Mr. Woods, are denied.

As noted by the court in its August 12, 2015 memorandum and order, docket entry number 346 is a minute entry relating to a status conference held on December 3, 2012. No

transcript was ever prepared for that status conference and it does not presently exist. To the extent any records, affidavits, transcripts or recordings exist with respect to that status conference, the government, rather than the court, would maintain those materials. Mr. Woods has not come forward with any authority suggesting that he may obtain these materials from the government prior to the filing of his § 2255 petition. He contends that this rights were violated during that status conference because he was "forced to make a decision" without the assistance of counsel about whether to proceed to trial that day and represent himself or to continue the trial one week while his trial counsel recovered from illness. These allegations, if true, would not state a viable claim for relief because Mr. Woods can establish no harm whatsoever. He was not required to proceed to trial pro se and, in fact, the trial was continued one week to accommodate his counsel's illness. Moreover, Mr. Woods was represented at the status conference by other counsel of record. Because Mr. Woods has not set forth "specific allegations" sufficient to show a "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief," *United States v. Moya-Breton*, 439 Fed. Appx. 711, 715-16 (10th Cir. 2011), this motion is denied.[1]

    Finally, Mr. Woods' motion for an order regarding information maintained by CCA is summarily denied. The court, in its August 12, 2015 memorandum and order, denied this very request. Mr. Woods still has not provided any legal basis for the request. While he mentions his intent to file a § 2255 motion, he includes no allegations whatsoever about the reason for this

---

[1] Mr. Woods also suggests that his rights were violated because the court conducted the status conference "off the record." This is incorrect. While the court indicated in its prior order that no physical transcript was made of the status conference, the conference was conducted on the record and a court reporter transcribed the conference.

specific request or what facts he hopes to develop with the request. Because he has not explained in any way how the request might support any claim for relief, the motion is denied. *See Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (*Bracy* standard applies to Section 2255 petitioner's request for discovery).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Woods' motion for records (doc. 514) is denied and his motion for order to release records (doc. 515) is denied.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge