IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                            Case No. 11-40046-01-JWL

**James Justin Woods,**

      **Defendant.**

## MEMORANDUM & ORDER

In June 2011, defendant James Justin Woods was charged with conspiracy to distribute at least 500 grams of methamphetamine and distribution of methamphetamine. Prior to trial, in November 2012, Mr. Woods filed a motion to dismiss the indictment or, in the alternative, to suppress evidence on the basis that the government conducted an illegal search in violation of Mr. Woods' Fourth Amendment rights. The court denied the motion and the case proceeded to trial. In December 2012, a jury convicted Mr. Woods on both counts. In sentencing Mr. Woods, the court varied from the advisory guideline sentence of life imprisonment and sentenced Mr. Woods to 360 months imprisonment. In August 2014, the Tenth Circuit affirmed Mr. Woods' conviction and in April 2015 the United States Supreme Court denied Mr. Woods' petition for writ of certiorari.

This matter is before the court on Mr. Woods' motion to reconsider the court's December 4, 2012 memorandum and order denying Mr. Woods' motion to dismiss the indictment or to suppress evidence. Because there is no provision for a motion to reconsider in the Federal Rules of Criminal Procedure, federal courts recognize motions to reconsider under the common law

doctrine recognized in *United States v. Healy*, 376 U.S. 7 (1964).  *United States v. Christy,* 739 F.3d 534 (10th Cir. 2014).  When the motion, as here, asks the court to reconsider a dispositive ruling, the motion is treated the same as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  Under that rule, a motion to reconsider must be filed within 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Clearly, Mr. Woods' motion to reconsider, filed more than two years after the court's order denying the motion to dismiss, is untimely.  Moreover, even if the court construed Mr. Woods' motion as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b), the motion is still untimely filed.  *See* Fed. R. Civ. P. 60(b) (motion must be filed within a "reasonable time" and, in most circumstances, no more than a year from the entry of judgment or order).  The motion is denied.


**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Woods' motion to reconsider (doc. 517) is denied.


**IT IS SO ORDERED.**


Dated this 16th day of September, 2015, at Kansas City, Kansas.


                                                            s/ John W. Lungstrum
                                                          John W. Lungstrum
                                                          United States District Judge