## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                             **Case No. 11-40046-01-JWL**

**James Justin Woods,**

        **Defendant.**

### MEMORANDUM & ORDER

On August 12, 2015, the court retained under advisement Mr. Woods' motion for an order (doc. 506) directing his trial attorney to release Mr. Woods' case file to him and directed Mr. Woods' trial counsel to respond to Mr. Woods' motion. Trial counsel has responded and, in that response, states that he is willing to release the file to Mr. Woods but that the government, consistent with its practice, prohibits defense counsel from providing a copy of discovery to their clients. The government, in response to the court's request, has filed a response indicating that it objects to any order requiring trial counsel to release Mr. Woods' case file to him to the extent that file contains discovery provided by the government. In reply, Mr. Woods asserts that he is willing to pay for a copy of the government's discovery and that he requires a copy of his entire case file in preparation for filing a § 2255 petition. He has also filed another "motion for court order" (doc. 523) directing his trial attorney to release the case file and asking the court to advise his trial attorney that any mail sent to Mr. Woods cannot exceed 1 pound per package. Finally, Mr. Woods has filed a motion for appointment of counsel (doc. 524) to assist him "in this matter and any other matter" that might arise from this case.

The court begins with Mr. Woods' most recent filing and denies his motion for appointment of counsel.  As the court explained to Mr. Woods in June 2015 in connection with Mr. Woods' previous request for the appointment of counsel, there is no constitutional right to counsel beyond the direct appeal of a conviction.  *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  The court reiterates that if Mr. Woods files a 2255 petition and that petition reflects that Mr. Woods may be entitled to relief, the court will consider a motion for the appointment of counsel at that juncture.  But on this record, there is simply no basis to appointment counsel to assist Mr. Woods.

With respect to whether and to what extent Mr. Woods' trial counsel must release a copy of Mr. Woods' case file to Mr. Woods, the only dispute is whether Mr. Woods is entitled to documents or other materials in his case file that were provided by the government to Mr. Woods' trial counsel—the parties' agree that Mr. Woods is entitled to anything else in the file. Mr. Woods' trial counsel states that the file contains a copy of "discovery" that the government provided to trial counsel "as a matter of courtesy so that the defendant and counsel" could prepare for trial with the specific agreement that the materials not be left in the possession of the defendant.  If the materials provided by the government were provided, as counsel suggests, solely out of courtesy and the government was not obligated to produce these materials, then Mr. Woods is not entitled to those materials in light of trial counsel's agreement, as a condition of receiving the materials, not to leave those materials in the possession of Mr. Woods.  If, however, there exists in Mr. Woods' case file materials or documents provided by the government that the government was obligated to produce to Mr. Woods, then the court—absent a request from the government for a protective order—sees no reason why Mr. Woods would

2

not be entitled to those materials.  The government's response does not indicate whether it was obligated to produce any of the materials that it produced to Mr. Woods' trial counsel or whether all of the materials were produced as a matter of courtesy.  The government states only that it provided "a complete set of discovery with the understanding that none of the discovery would be left in the possession of the defendant."  Before resolving this aspect of Mr. Woods' motion, then, the court needs further explanation from the government as to the nature of the materials produced to Mr. Woods' counsel.  It is incumbent upon the government to specifically identify which documents produced to Mr. Woods he was entitled to receive as a matter of law, such as *Brady* material, and which were produced as a courtesy.  Failing that, the court will conclude that Mr. Woods should receive all the materials in counsel's possession.  Upon receiving the government's additional submission, the court will resolve the motion and does not anticipate any additional response from Mr. Woods or his trial counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Woods' motion for an order (doc. 506) is **retained under advisement**; Mr. Woods' second motion for court order (doc. 523) is **retained under advisement;** and Mr. Woods' motion for appointment of counsel (doc. 524) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT THAT** the government, no later than **Friday, November 20, 2015**, shall provide the court with an itemization of those documents it was obligated to produce to Mr. Woods and those materials it produced to Mr. Woods' counsel purely out of courtesy.

**IT IS SO ORDERED.**

Dated this 10th day of November, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge