IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                    Case No. 11-40046-01-JWL

**James Justin Woods,**

        **Defendant.**

## MEMORANDUM & ORDER

On November 10, 2015, the court retained under advisement Mr. Woods' motion for an order (doc. 506) directing his trial attorney to release Mr. Woods' case file to him and Mr. Woods' second motion for court order (doc. 523) concerning the same. Defendant's trial counsel has indicated a willingness to release the case file to Mr. Woods but advised the court that he had entered an agreement with the government not to release to Mr. Woods any materials that the government provided to counsel as a courtesy. The court then directed the government to clarify what materials, if any, it was required to produce to Mr. Woods under Federal Rule of Criminal Procedure 16 and what materials it produced to trial counsel as a courtesy to counsel. The government has responded to that order indicating that the only materials it was required to produce to Mr. Woods were Mr. Woods' criminal record and reports from the DEA regarding laboratory tests on seized narcotics. According to the government, all other material it produced it did so simply as a courtesy to Mr. Woods' counsel.

In light of the undisputed fact that the government provided certain materials to trial counsel as a matter of courtesy with the express condition that those materials not be left in the

possession of Mr. Woods, the court concludes that Mr. Woods is not entitled to those materials in connection with his request for his case file. *See United States v. Butler*, 2000 WL 134697, at *2 (D. Kan. Jan. 21, 2000) (holding defense counsel to agreement with government not to release discovery materials to the defendant; government's restrictive policy on the dissemination of discovery materials is necessary to avoid the further release of materials to others). To the extent the file maintained by trial counsel contains the materials identified by the government that it was required to produce under Rule 16 (*i.e.*, Mr. Woods' criminal record and reports from the DEA regarding laboratory tests on seized narcotics), trial counsel should include those materials in the file that he sends to Mr. Woods.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motions for an order (doc. 506; 523) directing his trial attorney to release Mr. Woods' case file to him is granted in part and denied in part.

**IT IS FURTHER ORDERED BY THE COURT THAT t**rial counsel shall mail a copy of Mr. Woods' case file, consistent with this order, no later than **December 4, 2015** and shall file a notice with the court when he has done so.

**IT IS SO ORDERED.**

Dated this 20th day of November, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3