IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

      Plaintiff,

v.                                     Case No. 11-40046-01-JWL

James Justin Woods,

      Defendant.

## ORDER

For several months, defendant James Justin Woods has been attempting to obtain from his trial counsel a copy of his complete case file, including any materials provided to his trial counsel by the government as a matter of courtesy. On November 20, 2015, the court issued an order granting in part and denying in part Mr. Woods' motions for an order directing his trial attorney to release Mr. Woods' case file to him. Specifically, the court held that Mr. Woods was not entitled to materials otherwise maintained in his case file that the government provided to his trial counsel as a matter of courtesy and subject to the express condition that those materials not be left in the possession of Mr. Woods. On November 30, 2015, Mr. Woods filed what was essentially a motion to reconsider the court's November 20, 2015 order. The court issued an order setting response and reply deadlines for the motion to reconsider.

During that same time, Mr. Woods filed a motion to stay the one-year statute of limitations for filing a § 2255 petition, citing his need for his complete case file and that fact that he intended to appeal the court's November 20, 2015 order. Indeed, Mr. Woods filed a notice of appeal that same day and that appeal has been docketed with the Circuit.

Following Mr. Woods' notice of appeal, the government filed a response to the motion to reconsider in which it expresses its belief that the filing of the notice of appeal has divested this court of jurisdiction on all issues relating to whether and to what extent Mr. Woods may be entitled to his complete case file. The court agrees. Under the Federal Rules, a district court can proceed to resolve some matters simultaneously with the appellate court's consideration of an appeal. *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011). For example, Federal Rule of Appellate Procedure 4(b)(5) gives the district court concurrent jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a). *See id*. The Appellate Rules also specify certain motions that toll the time to file a notice of appeal, and the effect of a notice of appeal is suspended while such a motion is under consideration by the district court. *Id*. (citing Fed. R. App. P. 4(a)(4)(B)(i) (civil appeals); *id*. 4(b)(3)(B) (criminal appeals); *id*. advisory committee's note, 1993 Amendment ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.")). In addition, "appellate courts have carved out further exceptions to the general rule that allow district courts to address certain matters when judicial efficiency is thereby enhanced." *Id*. District courts "may act in aid of the court of appeals' exercise of its jurisdiction," may address "matters that are not comprehended within the appeal," and may continue full consideration of the case if it certifies that the notice of appeal is invalid or frivolous. *Id*. at 1226-27 (citations omitted).

None of these exceptions permits the court, after the filing of a notice of appeal, to reconsider its order granting in part and denying in part Mr. Woods' motion for an order

2

directing his trial counsel to provide to Mr. Woods a copy of his complete case file. The Federal Rules contain no explicit provision allowing a district court to reconsider such an order during the pendency of an appeal or suspending the notice of appeal during consideration of such a motion to reconsider. *Id.* at 1227 (district court lacked jurisdiction to rule on motion to reconsider order granting extension of time). For these reasons, the court lacks jurisdiction to resolve any and all motions concerning Mr. Woods' case file—including his motion for leave to supplement (construed by the court as a motion to reconsider) (doc. 538); his request for judicial notice (doc. 547); and his motion for modification of order (doc. 548). These motions, then, are dismissed for lack of jurisdiction.

The only other motion presently pending before the court is Mr. Woods' motion to stay the one-year statute of limitations for the filing of his § 2255 petition from, at a minimum, the time he filed his notice of appeal. The government contends that the court cannot rule on this motion because it, too, is tied up in the issues within Mr. Woods' appeal. Regardless of the appeal, the court lacks jurisdiction to consider the motion and must dismiss it. Any request to equitably toll or stay the limitations period is not ripe for adjudication until a § 2255 motion has actually been filed. *United States v. Daniels*, 191 Fed. Appx. 622 (10th Cir. July 11, 2006).

**IT IS THEREFORE ORDERED THAT** Mr. Woods' motion for leave to supplement (doc. 538); his motion to stay statute of limitations (doc. 541); his request for judicial notice (doc. 547); and his motion for modification of order (doc. 548) are all **dismissed for lack of jurisdiction.**

**IT IS SO ORDERED.**

Dated this 18th day of December, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
