IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                      Case No. 11-40046-01-JWL
                                                      Civil Case No:  16-4053-JWL

James Justin Woods,

        Defendant.

## MEMORANDUM & ORDER

For several months, defendant James Justin Woods attempted to obtain from his trial counsel a copy of his complete case file, including any materials provided to his trial counsel by the government as a matter of courtesy. On November 20, 2015, the court issued an order granting in part and denying in part Mr. Woods' motions for an order directing his trial attorney to release Mr. Woods' case file to him. Mr. Woods appealed that order to the Tenth Circuit and the Circuit recently held that this court lacked jurisdiction to issue its November 20, 2015 memorandum and order such that the order should be vacated in its entirety.

While his appeal was pending, Mr. Woods filed a timely § 2255 petition in which he asserts claims of ineffective assistance of counsel during pretrial proceedings, trial, sentencing, and during the appeal process as well as a claim of government misconduct.[1] The motion itself is conclusory. There are no facts provided to support the claim of government misconduct. With respect to the ineffective assistance claims, Mr. Woods lists broad categories of conduct

---

[1] The petition was filed on April 17, 2016, three days before the one-year filing deadline established by application of 28 U.S.C. § 2255(f)(1).

such as "failure to investigate or prepare witnesses;" "motion practice;" "plea negotiation process;" "failure to object;" and "failure to raise issues." Through his motion, he directs the court and the government to a memorandum of law in support of the motion but none was filed. Instead, Mr. Woods has filed a motion for an extension of time to file a memorandum in support of the petition and to toll the one-year statute of limitations, citing his need to obtain his case file from his trial counsel and pendency of his appeal on that issue.[2] Mr. Woods' 2255 petition, then, is essentially a "place holder" motion filed to satisfy the filing deadline with the intent to file a substantive motion after the limitations period has expired. *See United States v. Callen*, 2015 WL 1034245, at *12 (S.D. Tex. 2015); *United States v. Jackson*, 2006 WL 5083826, at *2 (D.S.C. Dec. 8, 2006). As will be explained, the motion for an extension of time is denied and Mr. Woods' § 2255 petition is denied as conclusory.

Because Mr. Woods' § 2255 petition is entirely conclusory and devoid of any factual averments, it is undisputedly subject to denial unless Mr. Woods is permitted to supplement the motion with the desired memorandum. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (affirming denial of 2255 petition where allegations relating to ineffective assistance claims were conclusory and petitioner provided no supporting factual averments). Toward that end, Mr. Woods asks the court to toll the limitations period during the time that he was attempting to obtain his case file. "Equitable tolling of the limitations period is available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522

---

[2] Because the Circuit's decision precludes Mr. Woods from obtaining any more information from his trial counsel at this juncture, that basis for Mr. Woods' motion has dissipated.

F.3d 1121, 1124 (10th Cir.2008). While Mr. Woods may have diligently pursued his case file, he has not shown that he has diligently pursued his claims or that his failure to file a timely petition was caused by extraordinary circumstances. Mr. Woods' petition for certiorari was denied by the Supreme Court in April 2015. Mr. Woods sought the appointment of counsel in June 2015 and the court denied that request, advising Mr. Woods that it would reconsider the request if and when Mr. Woods filed a 2255 petition. In August 2015, Mr. Woods filed five motions seeking discovery and other materials from his trial counsel, the government, CCA and the court. In large part, those motions were denied and the court explained to Mr. Woods that discovery was not authorized absent a § 2255 petition and that free documents and transcripts in the record were not available absent a showing of a nonfrivolous claim. In short, Mr. Woods did not pursue any claims for at least 4 months after the Supreme Court denied his petition for certiorari and, at that time, he was put on notice that he would need to file a § 2255 petition if he wanted to pursue discovery.

While Mr. Woods continued his efforts to obtain his case file, his inability to obtain a complete case file is not a sufficient basis to toll the statute of limitations particularly when Mr. Woods has never identified any specific claim that he intends to pursue or how any document in his case file might shed light on a particular claim. He does not suggest that it was impossible for him to file a meaningful § 2255 petition without his case file. While the court does not doubt that Mr. Woods would have liked to peruse his case file in search of potential claims, the same could be said in every § 2255 proceeding. *See United States v. Wilson*, 631 Fed. Appx. 623 (10th Cir. 2015) (no equitable tolling despite petitioner's claim that he had limited access to federal case file); *Reed v. Timme*, 389 Fed. Appx. 850, 853 (10th Cir. 2010) (holding that

prisoner who complained that his attorney was not diligent in discovering or forwarding evidence to him failed to demonstrate that applicants delay in petitioning for federal habeas relief was due to "extraordinary circumstances" sufficient to permit equitable tolling of one-year deadline; petitioner did not indicate anything more than "normal difficulties" in obtaining records and evidence). *United States v. Garcia-Rodriguez*, 275 Fed. Appx. 782 (10th Cir. 2008) (denying request for COA on district court's denial of request for equitable tolling of § 2255(f) limitations period despite petitioner's inability to obtain copy of entire case file).

Because Mr. Woods has not shown exceptional circumstances warranting equitable tolling of the limitations period, any memorandum that he filed at this point would be untimely filed and subject to dismissal unless Mr. Woods could demonstrate that the memorandum "related back" to his timely § 2255 petition pursuant to Federal Rule of Civil Procedure 15. Subject to certain restrictions, Federal Rule of Civil Procedure allows a party to amend or supplement a pleading. Rule 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The Tenth Circuit has looked at Rule 15(c) as it relates to a § 2255 petition and has held that an untimely amendment to a 2255 petition "relates back" to the date of the original petition "if and only if" the original petition was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2013) (collecting cases).

But because Mr. Woods' petition is wholly conclusory and broadly references (in the most generic terms) his pretrial proceedings, trial, sentencing and appeal, there is no amendment

4

that could "relate back" to any specific claims raised. In *Mayle v. Felix*, 545 U.S. 644, 662 (2005), the Supreme Court cautioned against expansive application of the relation back doctrine where old or new claims are presented at a high level of abstraction, reasoning that "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Accord Espinoza-Saenz*, 235 F.3d at 505 (mere fact that new claims arise out of same trial and sentencing as original claims not sufficient to relate back; "to allow amendment under that broad umbrella would be tantamount to judicial rescission of AEDPA's statute of limitations period"). Under these circumstances, then, the relation back provision of Rule 15(c) cannot be applied to any subsequent amendment filed by Mr. Woods. Indeed, "the strict AEDPA limitations period would be rendered illusory if a petitioner such as [Woods] could circumvent it at will by filing a timely, albeit threadbare, 'place holder' § 2255 petition incanting the vaguest of buzzwords about his claims, then avail himself of relation back principles to fill in those claims at his leisure after the one-year limitations period expires." *See United States v. Hunter*, 2010 WL 1994876, at *3 (S.D. Ala. May 18, 2010) ("merely mouthing the term 'ineffective assistance' in [an original] petition does not automatically preserve his ability to amend his pleading with impunity long after the AEDPA deadline to interpose any particularized ineffective assistance claims he might see fit"). The court, then, denies Mr. Woods' request for an extension of time to file a memorandum in support of his petition.

5

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Woods' motion for an extension of time to file his memorandum in support of his § 2255 petition and to stay the one-year statute of limitations (doc. 558) is **denied**.

**IT FURTHER ORDERED BY THE COURT THAT** Mr. Woods' motion to vacate under 28 U.S.C. § 2255 (doc. 557) is **denied.**

**IT IS SO ORDERED.**

Dated this 13th day of July, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge